# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BALJINDER SINGH BOPARAI,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PAM BONDI, ET AL,[1]<br><br>　　　　Defendants. | Case No. 1:24-cv-01254-KES-SKO<br><br>**FINDINGS AND RECOMMENDATIONS THAT DEFENDANTS' MOTION TO DISMISS BE GRANTED**<br><br>(Doc. 9)<br><br>Objections Due: 21 Days |

　　　Plaintiff, Balijinder Singh Boparai ("Plaintiff"), proceeding *pro se*, brings this complaint for a writ of mandamus against: (1) "USCIS Office of the Chief Counsel;" (2) "USCIS, Asylum Office San Francisco;" (3) "[Pam Bondi], United States Attorney General;" and (4) "Phillip A. Talbert" (collectively "Defendants"). (Doc. 1 ("Compl.") at 3–4). Plaintiff filed this action under the Mandamus Act, 8 U.S.C. § 1361 to compel Defendants to act on his I-589 Application for Asylum ("I-589") by scheduling his interview with the United States Citizenship and Immigration Services ("USCIS"). Defendants now move for dismissal or, in the alternative, summary judgment on the basis that Plaintiff lacks a clear right to relief and the delay in question is not unreasonable. (*See generally* Doc. 9 ("Mot.")). Plaintiff failed to file an opposition.

　　　The Court has reviewed the parties' papers and finds the matter suitable for decision without oral argument. The hearing set for April 16, 2025, will therefore be vacated.

---

[1] Pam Bondi became the Attorney General on February 5, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Pam Bondi should be substituted for Merrick Garland as the defendant in this suit.

For the reasons set forth below, the undersigned recommends that Defendants' Motion for Dismissal and Summary Judgment, (Doc. 9), be granted.

## I. BACKGROUND

Under the Immigration and Nationality Act, non-citizens who are physically present in the United States may apply for asylum. 8 U.S.C. § 1158(a). Non-citizens seeking asylum affirmatively, as Plaintiff here is, file a Form I-589 with United States Citizenship and Immigration Services ("USCIS"). *See* 8 C.F.R. § 208.3. Filing the Form I-589 initiates the procedures outlined in 8 U.S.C. § 1158(d). *See* 8 C.F.R. § 208.3. Section 1158(d)(5)(A) lays out certain guidelines USCIS must following considering asylum applications, including requirements that "the initial interview or hearing on the asylum application shall commence not later than 45 days after the date an application is filed" and that "final administrative adjudication of the asylum application, not including administrative appeal, shall be completed within 180 days after the date an application is filed[.]" 8 U.S.C. § 1158(d)(5)(A)(ii)–(iii). Both deadlines include "exceptional circumstances" exceptions. *Id.*

Plaintiff is a non-citizen who filed an asylum application with the San Francisco Asylum Office on or about June 25, 2022. (*See* Compl. at 5; Doc. 9-3 ("Def. SOF") ¶ 47 (citing Doc. 9-2 ("Lehman Decl.") ¶ 19)). Plaintiff filed his initial Form I-765, Application for Employment Authorization on January 13, 2023, which was approved by USCIS on March 8, 2023. (Def. SOF ¶ 53 (citing Lehman Decl. ¶ 19)). Since the filing of his asylum application, Plaintiff has not made a request to be placed on the short notice interview list, (*id.* ¶ 49 (citing Lehman Decl. ¶ 16)), requested an expedited adjudication, (*id.* ¶ 50 (citing Lehman Decl. ¶ 17)), or made a request for advance parole, (*id.* ¶ 51 (citing Lehman Decl. ¶ 21)).

Plaintiff filed this suit on October 16, 2024. (*See* Compl.). Defendants now move for either dismissal of Plaintiff's claim pursuant to Federal Rule of Civil Procedure 12(b)(6) or summary judgment pursuant to Federal Rule of Civil Procedure 56. (*See* Mot.). Plaintiff did not file an opposition to this motion.

## II. LEGAL STANDARD

### A. Dismissal Under Federal Rule of Civil Procedure 12(b)(6)

A party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The motion may be granted only if the complaint lacks a "cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). The court assumes all factual allegations are true and construes "them in the light most favorable to the nonmoving party." *Steinle v. City & County of San Francisco*, 919 F.3d 1154, 1160 (9th Cir. 2019). However, if the complaint's allegations do not "plausibly give rise to an entitlement to relief" the motion must be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible. *Iqbal*, 556 U.S. at 678. In the same vein, conclusory or formulaic recitations of elements do not alone suffice. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### B. Dismissal Under Federal Rule of Civil Procedure 56

Summary judgment may be granted when the evidence shows that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a). The "threshold inquiry" is whether there are any factual issues that could reasonably be resolved in favor of either party, or conversely, whether the facts are so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248.

In a summary judgment motion, the moving party must inform the court of the basis for the motion and identify the portion of the record which they believe demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving

party meets its initial burden, the burden then shifts to the opposing party, who must establish that there is a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585 (1986). Summary judgment is mandated where the nonmoving party fails to "set forth specific facts showing that there remains a genuine issue for trial" and evidence "significantly probative as to any [material] fact claimed to be disputed." *Steckl v. Motorola, Inc.*, 703 F.2d 392, 393 (9th Cir. 1983) (internal quotation marks omitted). If the evidence presented by the nonmoving party is "merely colorable, . . . or is not sufficiently probative, . . . summary judgment may be granted." *Anderson*, 477 U.S. at 249–50 (internal citations omitted).

## III. ANALYSIS

The Mandamus Act allows the Court to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Such relief is available when: "(1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available." *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1997).

Defendants contend that the Immigration and Nationality Act ("INA") precludes a private right of action to enforce timing requirements, such that Plaintiff cannot satisfy the first prong of the mandamus test. (Mot. at 10–11). The Court agrees.

The INA provides, "in the absence of exceptional circumstances, the initial interview or hearing on the asylum application shall commence not later than 45 days after the date an application is filed." 8 U.S.C. § 1158(d)(5)(A)(ii). However, under the heading, "[n]o private right of action," the INA further provides, "[n]othing in this subsection shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person." 8 U.S.C. § 1158(d)(7). This explicit disclaiming of a private right of action forecloses mandamus relief. *See Su v. Mayorkas*, 698 F. Supp. 3d 1168, 1176 (N.D. Cal. 2023); *see also Kurt v. Mayorkas*, No. 24-cv-02792-SK, 2024 WL 5161950, at *1 (N.D. Cal. Dec. 18, 2024) ("This explicit disclaiming of a private right of action forecloses mandamus relief"); *Chen v. Wolf*, No. 19-9951 (AJN), 2020 WL 6825681, at *3 (S.D.N.Y. Nov. 20, 2020) ("[W]here, as here, the statute itself specifically provides that the timing provisions do not 'create

any substantive or procedural right or benefit,' Plaintiff cannot make a showing that he has a right—let alone a clear right—to the requested relief." (quoting 8 U.S.C. § 1158(d)(7))); *Liu v. Wolf*, No. 19-410 (PGG), 2020 WL 2836426, at *10 (S.D.N.Y. May 30, 2020) ("Because Section 1158(d) does not create a legally enforceable right or benefit, Defendants do not owe Plaintiff a duty to adjudicate her application within the time frames provided in § 1158(d). There is thus no clear right to the relief sought[,] and this Court lacks subject matter jurisdiction over Plaintiff's claim for mandamus relief." (citations and quotation marks omitted)); *Xu v. Cissna*, 434 F. Supp. 3d 43, 56 (S.D.N.Y. 2020) ("join[ing] the chorus of other courts across the country in concluding that § 1158(d)(7) of the INA bars Plaintiff from claiming any legally enforceable right to have her application adjudicated within the provided timeframes" (citations and quotation marks omitted)).

Because the Plaintiff cannot establish entitlement to relief under the first prong of the test for mandamus relief, the undersigned recommends the Defendant's motion be granted.

### IV. CONCLUSION

For the foregoing reasons, IT IS ORDERED that the hearing on this motion scheduled for April 16, 2025 is VACATED. The undersigned further RECOMMENDS that that Defendants' Motion for Dismissal and Summary Judgment, (Doc. 9), be GRANTED.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within twenty-one (21) days of service of this recommendation, any party may file written objections to these findings and recommendation with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **March 14, 2025**          /s/ *Sheila K. Oberto*
                                   UNITED STATES MAGISTRATE JUDGE